IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VELISA HOGANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:05-cv-350-F |
| | ) | WO |
| ROY REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This cause is now before the Court on the motion to remand filed by the Plaintiff on May 9, 2005. (Doc. # 5). In the motion, Plaintiff argues that the amount in controversy in this case is insufficient to authorize the court to exercise jurisdiction pursuant to 28 U.S.C. § 1332 and contends that this case is due to be remanded to the Circuit Court of Barbour County, Alabama. Defendant opposes remand arguing that the amount in controversy requirement is satisfied. (Doc. # 7).

After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that subject matter jurisdiction is absent in this case. Accordingly, the court concludes that Plaintiff's motion to remand is due to be GRANTED.

### I. FACTUAL BACKGROUND

On November 19, 2004, plaintiff Velisa Hogans (hereinafter "Hogans") filed a Complaint against defendant Roy Reynolds (hereinafter "Reynolds") and unknown fictitious defendants in the Circuit Court of Barbour County, Alabama. (Doc. # 1, Notice of Removal, Ex. B, Compl.). By the Complaint, Hogans alleges that she was involved in an automobile

collision with Reynolds in Eufala, Alabama. Specifically, Hogans claims that on November 30, 2002, the motor vehicle she was operating was rear-ended by the motor vehicle operated by Reynolds. Hogans alleges claims of negligence; wantonness; negligent entrustment; respondeat superior; negligent hiring, training and supervision; and negligent maintenance against Reynolds and the fictitious defendants. Hogans seeks compensatory damages, punitive damages and costs for all of the claims alleged in the Complaint, the sum of which is not to exceed $75,000.00.

On April 14, 2005, Reynolds timely removed the action to this court pursuant to 28 U.S.C. §§ 1441 & 1446, contending that this court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (Doc. # 1, Notice of Removal). Shortly thereafter, on May 9, 2005, Hogans filed a motion to remand contending that the amount-in-controversy requirement is not satisfied and that, as a result, this court's jurisdiction is not properly invoked. (Doc. # 5). On May 23, 2005, Reynolds filed a response in opposition to the motion (Doc. # 7) and, on May 31, 2005, Plaintiff filed a reply (Doc. # 9).

---

[1] The parties are indisputably diverse. Plaintiff Hogans is a citizen of Georgia while Defendant Reynolds is a citizen of Wyoming. (Doc. # 1, Notice of Removal at ¶¶ 1 & 2; Doc. # 5, Mot. Remand at ¶ 2). However, as previously mentioned, the Complaint also lists as defendants several fictitious parties, the identity of which are not yet known to Hogans. For purposes of removal, the court does not consider the citizenship of fictitious defendants in assessing complete diversity. *See* 28 U.S.C. § 1441(a); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255 n.1 (M.D. Ala. 2001).

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court.  *See* 28 U.S.C. § 1441(a).  However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction."  *See* 28 U.S.C. § 1447(c).  Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Burns*, 31 F.3d at 1095.

## III.  DISCUSSION

Defendant Reynolds argues that removal was proper because the court has subject matter jurisdiction over this case due to diversity jurisdiction.  A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  The diversity statute confers jurisdiction over a cause of action when citizens

3

of different states are involved in the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See id*. Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has a right granted by statute, to remove an action from state court and avail itself of a federal forum. *See* 28 U.S.C. § 1441. In this case, the parties do not dispute the existence of complete diversity. Rather, the threshold issue before this court in deciding whether it has jurisdiction to retain and hear this case, is whether the requisite amount in controversy is satisfied.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). *See also Etheridge v. Piper Aircraft Corp.*, 559 F.2d 1027, 1028 (5th Cir. 1977) ("For purposes of determining the existence of jurisdiction, plaintiff's complaint is the primary source.").[2] The Eleventh Circuit has held that, where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in state court, a defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount. *See Burns,* 31 F.3d at 1095; *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *also St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938) (holding that "unless the law gives a different rule, the sum claimed by

---

[2] In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

"This heavy burden reflects the notion that plaintiff has the right to choose his own forum, for plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." *Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308, 1312 (M.D. Ala. 1997) (internal quotations and citation omitted).[3]  This burden, albeit heavy, is not impossible. *Burns*, 31 F.3d at 1096. "The defendant may remain in federal court as long as it demonstrates to a 'legal certainty' that the plaintiff would not recover less than the jurisdictional amount if she prevailed." *Hill v. United Ins. Co. of America*, 998 F. Supp. 1333, 1336 (M.D. Ala. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996)).

In his attempt to carry his burden,[4] Reynolds argues that, although the Complaint does not meet the jurisdictional amount on its face,[5] Hogans seeks more than the jurisdictional

---

[3] "If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury,* 303 U.S. at 294.  Moreover, the Eleventh Circuit emphasized in *Burns* that the court would "assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception." *Burns*, 31 F.3d at 1095.

[4] The removing defendant has the burden of establishing that this court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction).

[5] In the Complaint, Hogans "demands judgment against [Reynolds] and all fictitious defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs, for all of the above Counts of his [sic] Complaint, to total no more than $75,000.00."

amount in this lawsuit. This argument is based upon a settlement demand letter submitted to Reynolds' insurance carrier wherein Hogans demands a sum more than $75,000.00 for settlement of her claims.[6] Hence, Reynolds contends that the amount in controversy for this lawsuit exceeds $75,000.00 and the amount in controversy requirement is satisfied.

The court is not persuaded by Reynolds' argument. Reynolds has presented no evidence which indicates that if Hogans "prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns,* 31 F.3d at 1096. Stated otherwise, Reynolds has failed to establish to a legal certainty[7] that Hogans' claims are worth an amount which equals or exceeds the jurisdictional amount, rather than the amount which she has explicitly claimed in her Complaint.[8]

---

(Compl. at ¶ 29).

[6] Interestingly, this settlement demand letter was submitted on September 5, 2003–more than a year prior to the filing of the Complaint. (Doc. # 1, Ex. A).

[7] The court notes that in his response to the motion to remand, Reynolds argues that he "has proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount of $75,000 in this case. . ." (Doc. # 7, p. 3). Obviously, Reynolds confuses the preponderance (more than likely) standard in cases where the complaint claims unspecified and unlimited damages, e.g., *Davis v. Franklin Life Ins. Co.,* 71 F. Supp. 2d 1197 (M.D. Ala.1999), with the legal certainty standard which applies here. *See Sapp v. AT & T Corp.*, 215 F. Supp. 2d 1273, 1278 (M.D. Ala. 2002). In this case, as evidenced by the Complaint, the Plaintiff's attorney, an officer of the court, has expressly limited the claims to a total amount of $75,000.00, Reynolds has not shown to a legal certainty that any recovery by Hogans *must* exceed that amount in spite of the limitation, and *Burns* dictates that the jurisdictional amount requirement for removal has not been met.

[8] Contrary to Reynolds' assertion, the settlement demand is not instructive to the issue before the court as it does not establish that should Hogans prevail she would necessarily recover in excess of $75,000.00 on her claims.

6

Based on the evidence before the Court, and given the heavy burden placed on a defendant seeking to defeat a motion to remand, the Court cannot conclude that Reynolds has demonstrated that the jurisdictional amount in this case has been met. Accordingly, pursuant to 28 U.S.C. § 1447(c), the court finds that Hogans' motion to remand is due to be granted.

## IV. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Remand (Doc. # 5) is GRANTED.

(2) This cause is hereby REMANDED to the Circuit Court of Barbour County, Alabama.

(3) The Clerk is DIRECTED to take all appropriate steps to effect this remand.

DONE this 24th day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE